NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3828
_____

UNITED STATES OF AMERICA

v.

JIMMY DAVIS,
                    Appellant

_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 1-10-cr-00011-001)
District Judge: Wilma A. Lewis
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 4, 2021

Before: KRAUSE, PORTER, and FISHER, *Circuit Judges*

(Opinion filed: June 14, 2021)

_____

OPINION*
_____

KRAUSE, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jimmy Davis appeals from the District Court's judgment revoking his supervised release and sentencing him to additional terms of imprisonment and supervision. His counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Because a review of the briefing and record reveals no nonfrivolous issues, we will grant counsel's motion and affirm the District Court's judgment.

I.    **Discussion**[1]

We analyze *Anders* motions under a familiar two-step framework. At step one, we ask if counsel has "thoroughly examined the record in search of appealable issues" and explained "why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). At step two, we conduct our own "independent review of the record" to identify any issues counsel overlooked. *Id*. If neither step surfaces nonfrivolous issues, we grant the motion and dismiss the appeal.

Turning first to counsel's brief, we find that it appropriately explores avenues for appeal. Counsel concisely but carefully addresses the sufficiency of the evidence establishing a supervised release violation, the procedural reasonableness of the sentence imposed, and the substantive reasonableness of that sentence. We accordingly conclude that counsel carried out the "conscientious examination" compelled by our case law. *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000) (citation omitted).

Moving to the second step, our "independent review of the record," *Youla*, 241 F.3d at 300, uncovers no meritorious issues. The District Court retained authority to revoke

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231 and § 3583(e), and we retain jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

supervised release.  *See* 18 U.S.C. § 3583(e).  And it correctly classified Davis's conduct as a Grade A supervised release violation.  *See* U.S.S.G. § 7B1.1(a)(1).  That is because Davis's attempt to strangle his ex-girlfriend both involved "the use . . . of physical force against the person of another," U.S.S.G. § 4B1.2(a)(1), and amounts to a crime that carries a maximum penalty of over a year in prison, *see* 14 V.I.C. § 296(3).  Nor does the Court's decision to impose a two-year consecutive sentence raise any red flags.  *See* U.S.S.G. § 7B1.3(f).

In combination, counsel's brief and our review show that this appeal "lacks any basis in law or fact."  *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988).  We therefore "dispose of [it] without appointing new counsel," 3d Cir. L.A.R. 109.2(a), and confirm that no issues warrant the filing of a petition for a writ of certiorari in the Supreme Court, *see id.* 109.2(b).

## II.     Conclusion

For the foregoing reasons, we will grant the motion to withdraw and will affirm the District Court's judgment.